UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| ZAIN P., | | |
| | Plaintiff, | **DECISION** |
| | | **and** |
| | v. | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | | 20-CV-430F |
| | | (**consent**) |
| | Defendant. | |

_____

APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER
Attorneys for Plaintiff
KENNETH R. HILLER, and
JEANNE ELIZABETH MURRAY, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York  14226

JAMES P. KENNEDY, JR.
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York  14202
           and
GRAHAM MORRISON
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza
Room 3904
New York, New York  10278

## **JURISDICTION**

On April 6, 2021, the parties to this action consented pursuant to 28 U.S.C. §

636(c) to proceed before the undersigned.  (Dkt. 17).  The matter is presently before the

court on motions for judgment on the pleadings filed by Plaintiff on January 11, 2021 (Dkt. 14), and by Defendant on March 12, 2021 (Dkt. 15).

## **BACKGROUND**

Plaintiff Zain P. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on April 27, 2017, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges becoming disabled on January 26, 2009, based on post-traumatic stress disorder ("PTSD"), bipolar, Asperger's syndrome, diabetes type II, hypertension, high cholesterol, anxiety, and gender dysphoria (disagreement with biological gender).  AR[1] at 502, 508.  Plaintiff's application initially was denied on June 23, 2017, AR at 417-34, and at Plaintiff's timely request, AR at 432-34, on January 28, 2019, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Stephen Cordovani ("the ALJ").  AR at 355-416 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Kelly Laga, Esq., and vocational expert Tania Shullo ("the VE").

On February 21, 2019, the ALJ denied Plaintiff's claims, AR at 334-354 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council, AR at 486-89.  In connection with the Appeals Council review, Plaintiff submitted an additional 318 pages of medical records.  AR at 13-333.  On February 10, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed on October 8, 2020 (Dkt. 11).

at 1-7, thereby making the ALJ's decision the Commissioner's final determination on the claim.  With regard to Plaintiff's newly submitted medical records, the Appeals Council stated "this evidence does not show a reasonable probability that it would change the outcome of the decision," AR at 2 and, as such, the evidence was not "exhibited," *i.e.*, was not added as exhibits to the Administrative Record.  On April 10, 2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On January 11, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 14) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 14-1) ("Plaintiff's Memorandum").  On March 12, 2021, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 15-1) ("Defendant's Memorandum").  Filed on April 1, 2021 was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

# **FACTS**[2]

Plaintiff Zain P. ("Plaintiff"), born June 7, 1989, was 19 years old as of January 26, 2009, the alleged disability onset date ("DOD"), 27 years old upon initially applying

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

for disability benefits on January 26, 2017, and 29 years old as of February 21, 2019, the date of the ALJ's decision.  AR at 349, 351, 418.  Plaintiff is single, has no children, and lives alone in an assisted mental health apartment.  AR at 360.  Plaintiff has a driver's license but no car so Plaintiff walks, takes public transportation including a van provided by Plaintiff's residence complex, or relies on others for rides.  AR at 361, 363-64.  Plaintiff graduated high school where Plaintiff was in special education classes, and attended two years of an on-line college studying technology, but has not obtained a college degree.  AR at 362, 507.  Plaintiff's only work experience was at age 14 when Plaintiff bagged groceries for one month.  AR at 362-63, 507.

      Plaintiff alleges no exertional limitations, but only non-exertional limitations attributed to mental health impairments.  With regard to such impairments, Plaintiff received mental health treatment from Neighborhood Health Center-Mattina ("Neighborhood Health") from January 1, 2008 to January 28, 2019.  AR at 599-616, 788-937, 948-54.  Plaintiff received mental health treatment at Evergreen Health Services from December 19, 2016 to February 17, 2017.  AR at 541-98.  From February 21, 2017 to June 26, 2017, Plaintiff received mental health treatment at Spectrum Human Services.  AR at 617-63, 939-47.

      In connection with Plaintiff's disability benefits application, on June 13, 2017, Plaintiff underwent a psychiatric consultative examination with Janine Ippolito, Psy.D. ("Dr. Ippolito"), who diagnosed Plaintiff with PTSD, by history, unspecified personality disorder with paranoid traits, and rule out learning disorder  AR at 664-69.  On June 21, 2017, state agency psychologist T. Bruni, Ph.D. ("Dr. Bruni"), reviewed Plaintiff's medical record and diagnosed Plaintiff with severe personality disorders, but non-

4

severe trauma and stressor-related disorders, and that Plaintiff's mental impairments limited Plaintiff's understanding, memory, and social interaction.  AR at 422-25.  On June 22, 2017, state agency review physician J. Koenig, M.D. ("Dr. Koenig"), reviewed Plaintiff's medical record and diagnosed Plaintiff with non-severe hypertension and diabetes mellitus.  AR at 421-22.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

at least one severe impairment limiting the plaintiff's mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite the plaintiff's collective impairments, retains the "residual functional capacity ("RFC") to perform past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in SGA since January 26, 2017, the application date, AR at 339, has the severe impairments of Asperger's, PTSD, anxiety disorder, bipolar disorder, and unspecified personality disorder with paranoid traits, *id*., and that "there is a substantial overlap in symptomology between different mental impairments," *id*., as well as "a degree of subjectivity inherent in the nature of mental diagnoses." *Id*.  The ALJ also found there is no evidence that Plaintiff's diagnoses of hypertension, lipidemia, and diabetes mellitus with neuropathy "are not under control with medication or that they cause any work-

related limitations," *id*., and that despite a diagnosis of gender dysphoria, "there is no evidence that this causes any work-related limitations," *id*., such that none of these diagnoses are severe impairments, *id*., and Plaintiff does not have an impairment or combination of impairments meeting or medically equal in severity to a listed impairment.  *Id*. at 340-41.  The ALJ found that despite such impairments, Plaintiff retains the RFC for a full range of work at all exertional levels, with only non-exertional limitations including the ability to understand, remember, and carry out simple instructions and tasks, can work in a low stress environment defined as including simple, unskilled work with no supervisory duties, no independent decision-making, no strict production quotas or production rate pace, and minimal changes in work routine and processes, cannot travel to unfamiliar places, can have frequent, but not constant, interaction with supervisors and occasional interaction with co-workers and the general public, but no team, tandem, or co-dependent work.  AR at 341-49,  The ALJ further found that Plaintiff has no PRW such that the issue of transferability of skills is irrelevant, and that given Plaintiff's age, education, ability to communicate in English, and RFC based on all impairments would be able to perform jobs existing in the national economy including as a dishwasher, dryer attendant, and dining room attendant.  AR at 349-50.  As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision.  AR at 350-51.

     In support of Plaintiff's Motion, Plaintiff argues that the Appeals Council failed to properly evaluate new and material evidence from Erie County Department of Social Services, Buffalo MRI, Venture Forthe, Sisters of Charity Hospital, and Evergreen Health Services relating to the period at issue and which undermined the RFC

formulated by the ALJ rendering it unsupported by substantial evidence, Plaintiff's Memorandum at 15-19, and at step four of the sequential analysis the ALJ failed to properly weigh the opinion of evidence of record, particularly with regard to of nurse practitioner Janette Evans, ANP ("NP Evans"), AR at 19-24, and Licensed Master Social Worker Ashley Stewart ("LMSW Stewart"), *id*. at 24-27, both of whom treated Plaintiff at Neighborhood Health.  In opposition, Defendant argues the Appeals Council properly evaluated the additional evidence submitted, Defendant's Memorandum at 6-10, and the ALJ properly weighed the opinion evidence of record, *id*. at 10-11, including the opinions of NP Evans, *id*. at 11-13, and LMSW Stewart, *id*. at 13-16.  In reply, Plaintiff characterizes Defendant's response regarding the Appeals Council's refusal to consider Plaintiff's additional evidence "improper post hoc rationalization," Plaintiff's Reply at 1-2, and that Defendant's arguments regarding the ALJ's weighing of opinion evidence "merely restate the ALJ's actions, engage in more improper post hoc rationalization," and fail to rebut the ALJ's harmful errors.  *Id*. at 2-3. There is no merit to Plaintiff's arguments.

### A.   New Evidence

Plaintiff argues the Appeals Council's perfunctory statement that the additional evidence submitted to the Appeals Council, particularly medical records from Evergreen Health Services, Sister of Charity Hospital, and Venture Forthe, "does not show a reasonable probability that it would change the outcome of the decision," and subsequent failure to properly evaluate new and material evidence relevant to the period at issue undermined the ALJ's decision, leaving it unsupported by substantial evidence.  Plaintiff's Memorandum at 15-19 (quoting AR at 2).  In opposition, Defendant

argues the substance of the newly submitted evidence do not support Plaintiff's argument, but merely demonstrate Plaintiff continued to receive peer support[4] from job coach Kathleen Klima, BSW ("Klima"), and despite Plaintiff's mental impairments, was functioning at a high level including enrolling in community college.  Defendant's Memorandum at 5-9.  Defendant further maintains the Appeals Council is not required to provide a detailed explanation for concluding the newly submitted evidence would not have changed the outcome of the ALJ's decision.  *Id*. at 9-10.  Plaintiff, in further support of remand, characterizes Defendant's argument as unacceptable "*post hoc* rationalization."  Plaintiff's Reply at 1-2.  There is no merit to Plaintiff's argument.

In particular, the Appeals Council declined the request to review the ALJ's decision in light of the newly submitted evidence, most of which merely documents Plaintiff's appointments between March 7, 2019 to September 18, 2019 with peer counselor Klima.  AR at 19-99.  Klima's notes of the sessions demonstrate Klima focused on increasing Plaintiff's social and coping skills, with the goal of getting Plaintiff enrolled in community college.  *See*, *e.g.*, AR at 22 (March 7, 2019 (one-hour session at Erie Community College discussing steps Plaintiff needs to take to successfully enroll, including addressing anxiety and some readiness classes)), AR at 44 (June 6, 2019 (two-hour session at Walden Galleria Mall to work on social anxiety which Plaintiff described as improving)).  Importantly, Plaintiff does not explain how the records submitted to the Appeals Council undermines the ALJ's decision.  *See Cook v. Comm'r of Soc. Sec.*, 818 Fed.Appx. 108, 110 (2d Cir. 2020) (affirming the district court's

---

[4] "Peer workers draw upon their own personal lived experience of mental illness and recovery to provide authentic engagement and support for people accessing mental health care." Peer Workers – Professionals, available at https://www.health.nsw.gov.au/mentalhealth/professionals/Pages/peer-workers.aspx (last visited May 10, 2021).

upholding of the ALJ's decision where the Appeals Council declined the plaintiff's request to review additional evidence where there was not a reasonable probability the records would have changed the ALJ's decision because the records did not undermine the ALJ's decision).  Further, insofar as Plaintiff argues the Appeals Council may not "summarily reject" new evidence without more than a "boilerplate" explanation that the evidence is not likely to change the ALJ's decision, Plaintiff's Memorandum at 18-19, Plaintiff points to no caselaw supporting this argument, and the court's research reveals none.  Accordingly, there is no merit to this argument.

      B.      **Weighing of Opinion Evidence**

Nor did the ALJ err in weighing the opinion evidence, including, as Plaintiff argues, Plaintiff's Memorandum at 20-27, the opinions of NP Evans and LMSW Stewart who as treating sources, are entitled to greater weight.  In particular, SSR 06-3p,[5] *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, *available at* 2006 WL 2329939 (S.S.A. Aug. 9, 2006) ("SSR 06-3p"), permits the court to consider evidence from other treating sources who do not qualify under the relevant regulations as "medical sources," although the ALJ is not required to grant opinions from such sources controlling weight.

As relevant here, on January 28, 2019, NP Evans completed a treating medical source statement regarding Plaintiff's PTSD and anxiety for which NP Evans had seen Plaintiff bi-weekly since March 2018.  AR at 950-54.  NP Evans assessed Plaintiff as

---

[5] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

severely limited, *i.e.*, "unable to meet competitive standards" or "no useful ability to function" in most vocational skills categories, and opined Plaintiff could not engage in full-time, competitive employment on a sustained basis. *Id*.  The ALJ gave NP Evans's opinion "little weight."  AR at 347-48.  On November 1, 2018, LMSW Stewart completed a mental health report pertaining to Plaintiff's PTSD and anxiety, finding Plaintiff was unable to work because of functional limitations in problem solving, following multi-step directions, communicating when overwhelmed which often happened in large groups of people, and in stressful, fast-paced environments, and difficulty with emotional regulation.  AR at 677-78.  The ALJ gave LMSW Stewart's opinion "little weight" insofar as LMSW Stewart found Plaintiff unable to work, AR at 345, and "greater weight" to the balance of the opinion.  *Id*.

Preliminarily, for claims filed before March 27, 2017, the definition of "medical opinions" is limited to "statements from acceptable medical sources," 20 C.F.R. § 404.1527(a)(1), which are further defined, as relevant here, to include a licensed physician (medical or osteopathic doctor), or a licensed psychologist.  Significantly, for claims filed prior to March 27, 2017, nurse practitioners are not considered acceptable medical sources, 20 C.F.R. § 404.1527(7), and licensed social workers are considered "nonmedical sources."  20 C.F.R. § 404.1527(e)(3) (public and private social welfare agency personnel).  Accordingly, because neither NP Evans nor LMSW Stewart is an "acceptable medical source," their opinions are not entitled to controlling weight.  20 C.F.R. § 404.1527(a).

Further, the ALJ's finding that NP Evans's opinion was inconsistent with the medical record and Plaintiff's anxiety level as a whole is supported by Plaintiff's own

description of social activities including attending church and bible study, riding in a transportation van provided by Plaintiff's place of residence to bowl and to visit the library.  AR at 348 (citing 928).   NP Evans's opinion was also inconsistent with contemporaneous medical evidence showing Plaintiff with only mild symptoms of depression and anxiety.  *Id*. (citing AR at 925 (January 17, 2019 Neighborhood Health report)).  With regard to LMSW Stewart, despite rejecting the opinion that Plaintiff is disabled, the ALJ gave some weight to LMSW Stewart's assessment of Plaintiff's difficulties in social areas, problem solving, and dealing with stress, AR at 345, for which the ALJ accounted by including in the RFC such limitations as no constant contact with supervisors and no need for independent decision making.  *See* Discussion, *supra*, at 8.

The ALJ also relied on the consultative opinion of Dr. Ippolito that Plaintiff, based on emotional distress, is mildly impaired with regard to memory and concentration, and moderately limited in interacting with supervisors, co-workers, and the general public, as well as in regulating emotions, controlling behavior, and maintaining well-being, but that such limitations would not interfere with Plaintiff's ability to function on a daily basis.  AR at 344, 349 (citing AR at 664-69).  Significantly, the report of a consultative psychologist may constitute substantial evidence.  *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011).

Moreover, insofar as Plaintiff maintains the opinion evidence of record could be interpreted to support a determination that Plaintiff is disabled, it is settled within the Second Circuit that "'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Upon this

record the court finds it does not have to conclude otherwise than as found by the ALJ in this case in denying Plaintiff's claim.  *See Henderson v. Comm'r of Soc. Sec.*, 2019 WL 3237343, at ** 7-8 (W.D.N.Y. July 18, 2019) (sustaining the ALJ's materiality finding where the plaintiff "has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence of record." (citing *Brault*, 683 F.3d at 448)).

## **CONCLUSION**

Based on the foregoing, Plaintiff Motion (Dkt. 14), is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file.  SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 10th, 2021
         Buffalo, New York